UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHNNY RAY MCCLOUD,

    Applicant,

v.                                              CASE NO. 8:15-cv-186-T-23MAP

SECRETARY, Department of
Corrections,

    Respondent.
_____/

## **ORDER**

    Johnny Ray McCloud applies under 28 U.S.C. § 2254 (Doc. 1) for the writ of habeas corpus and challenges the validity of his state convictions for burglary of a dwelling and for petit theft. McCloud alleges three grounds of ineffective assistance of trial counsel and one procedural due process claim. The respondent admits the application's timeliness. (Doc. 9 at 6) Numerous exhibits ("Resp. Ex. __") support the response. (Doc. 10)

### **Background**

    While walking his dog, McCloud's neighbor discovered McCloud and a woman stealing a sofa from the neighbor's "rental cottage" (also described at trial as a "shed"). (Resp. Ex. 4 at 6, Resp. Ex. 10 at 1–5) A jury convicted McCloud of second degree burglary of a dwelling, in violation of Section 810.02(3)(b), Florida

Statutes, and petit theft, in violation of Section 812.014, Florida Statutes. As a prison release re-offender, McCloud serves fifteen years' imprisonment. (Resp. Ex. 1)

In a *per curiam* decision without a written opinion the state appellate court affirmed McCloud's convictions and sentence. (Resp. Ex. 3) In another *per curiam* decision without a written opinion the state appellate court affirmed the summary denial of McCloud's Rule 3.850 motion to vacate. (Resp. Exs. 4–5, 9)

**Standards of review**

A federal court may not grant habeas relief on a claim adjudicated in state court unless the adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or the adjudication "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). To prevail on a claim under Section 2254, an applicant must demonstrate that the state court's decision possessed "no reasonable basis." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). If a state court's decision is unaccompanied by an opinion explaining the denial of relief, the habeas court determine which arguments or theories could have supported the state court's decision. *Richter*, 562 U.S. at 102.

McCloud claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (internal quotation marks omitted). To demonstrate that

counsel was constitutionally ineffective, an applicant must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that counsel's deficient performance prejudiced the applicant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

"The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105 (internal quotation marks omitted). Accordingly, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105.

### Grounds one and three

In ground one, McCloud argues that counsel rendered ineffective assistance by failing to investigate whether the neighbor's cottage (or shed) qualified as a "dwelling" under the burglary statute.[1] With citation to exhibits, McCloud argues that a reasonable investigation would have revealed (1) that the neighbor used the building only for storage for at least ten years, (2) that the building's electric meter was removed several years earlier, and (3) that Polk County's land development office stated that the structure should be demolished because it violated a code provision permitting only one house per lot. (Doc. 2 at 17–18)

---

[1] Section 810.011, Florida Statutes, defines "dwelling" as "a building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the curtilage thereof."

- 3 -

"Counsel has a constitutional, independent duty to investigate and prepare a defense strategy prior to trial." *Williams v. Allen*, 598 F.3d 778, 792 (11th Cir. 2010). "However, this duty does not necessarily require counsel to investigate each and every evidentiary lead," and "a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Williams*, 598 F.3d at 793 (internal quotation marks omitted). "[A] court must consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further." *Williams*, 598 F.3d at 793 (internal quotation marks omitted).

The state court reasonably rejected McCloud's failure-to-investigate claim. In moving for judgment of acquittal, counsel argued that the state failed to establish a "dwelling" because the building was "a dilapidated residence" in "rough" condition, the neighbor used the structure only for storage, and the neighbor conceded that he would not rent the property in its current condition. (Resp. Ex. 5 at 30–31) Counsel therefore knew the salient facts, and the Sixth Amendment required no additional investigation. *Tarver v. Hopper*, 169 F.3d 710, 715 (11th Cir. 1999) (holding that counsel is not required to investigate all available mitigating evidence); *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("[T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'").

Moreover, even if counsel performed a constitutionally inadequate investigation, her conduct caused no prejudice to McCloud. The controlling question is "the purpose of the structure" not the structure's habitability or its current use. *Young v. State*, 141 So. 3d 161, 166–172 (Fla. 2013)[2] (holding that a structure retains its dwelling status even if the structure is uninhabitable during renovation); *Perkins v. State*, 682 So. 2d 1083, 1085 (Fla. 1996) ("an empty house in a neighborhood is extended the same protection as one presently occupied"). The only facts that counsel failed to discover — a violation of the land development code and an absent electric meter — relate to the structure's habitability not to the structure's purpose.

Ground three raises a similar claim: McCloud argues that counsel rendered ineffective assistance because she failed to impeach testimony that the structure "could be lived in with minor repairs." (Doc. 1-3 at 8) But again, the testimony relates to habitability, and counsel is not ineffective for declining to impeach irrelevant testimony. *Barwick v. Sec'y, Fla. Dep't of Corrs.*, 794 F.3d 1239, 1253 (11th Cir. 2015). McCloud fails to demonstrate that the state court unreasonably applied *Strickland* in rejecting his failure-to-impeach claim.

**Ground two**

McCloud further argues that counsel rendered ineffective assistance by failing to move under Rule 3.190(c)(4), Florida Rules of Criminal Procedure, to dismiss the

---

[2] The *Young* decision issued after McCloud's conviction but is nonetheless controlling in assessing "prejudice" in a Section 2254 application. *Lockhart v. Fretwell*, 506 U.S. 364, 366 (1993).

- 5 -

burglary charge and by failing to seek a lesser charge of trespassing.  McCloud contends that "nowhere on the face of the record [*i.e.*, police report, or statements, or trial transcripts] was Mr. McCloud ever placed in [the] alleged dwelling" to establish that he "entered" the dwelling with intent to commit an offense.  (Doc. 1-3 at 7); *see State v. Waters*, 436 So. 2d 66, 69 (Fla. 1983) (listing entry and specific intent as essential elements of a burglary offense).

The post-conviction court in denying the Rule 3.850 motion omitted express analysis of the "entry" argument.  The post-conviction court instead interpreted ground two as iterating the "dwelling" argument.  (Resp. Ex. at 5 at 1–2)  However, a federal court cannot "assume that the summary affirmances of state appellate courts adopt the reasoning of the court below."  *Wilson v. Warden, Ga. Diagnostic Prison*, 834 F.3d 1227, 1238 (11th Cir. 2016), *cert. granted*, 137 S.Ct. 1203 (Feb. 27, 2017) (No. 16-6855).  As a result, "[e]ven when the opinion of a lower state court contains flawed reasoning, [AEDPA] requires that [the court] give the last state court to adjudicate the prisoner's claim on the merits the benefit of the doubt and presume that it followed the law."[3]  *Wilson*, 834 F.3d at 1238 (internal quotation marks and brackets omitted).

McCloud concedes that his neighbor observed McCloud forcing the sofa through the doorway of the dwelling while McCloud's female co-defendant was

---

[3] To the extent that ground two warrants a *de novo* review, the result is the same.

inside the dwelling.[4]  (Resp. Ex. 4 at 10–11, Doc. 1-3 at 7, Doc. 2 at 7)  At the very least, McCloud admits sufficient facts to support a conviction under an aiding-and-abetting theory.  *See State v. Larzelere*, 979 So. 2d 195, 215 (Fla. 2008) ("Under Florida law, a person who is charged in an indictment or information with commission of a crime may be convicted on proof that she aided or abetted in the commission of such crime.")  Because "[a] lawyer cannot be deficient for failing to raise a meritless claim," the state appellate court reasonably rejected ground two.  *Freeman v. Atty. Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008).

### Ground four

In his final claim, McCloud argues that the post-conviction court violated his procedural due process rights by summarily denying the Rule 3.850 motion without permitting an amendment.

McCloud's due process claim is meritless — not because it is unexhausted, as respondent argues — but because "an alleged defect in a collateral proceeding does not state a basis for habeas relief."  *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004).  Rather, habeas relief is only available "to address defects in a criminal defendant's conviction and sentence."  *Quince*, 360 F.3d at 1262.  McCloud asserts no defect in his criminal trial, and he therefore fails to state a claim in ground four.  *See Carroll v. Sec'y, Dep't of Cor.*, 574 F.3d 1354, 13666 (11th Cir. 2009) (rejecting an

---

[4] The neighbor testified that the woman was "inside the structure," that McCloud and the woman "were working forcefully together to remove this sofa through the doorway," and that the sofa was "about a quarter of the way out of the door." (Doc. 2 at 20)

- 7 -

applicant's claim that the state court violated his procedural due process rights by failing to conduct an evidentiary hearing before denying a Rule 3.850 motion).

## Conclusion

McCloud's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk must enter a judgment against McCloud and **CLOSE** this case.

## DENIAL OF BOTH CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

To merit a certificate of appealability, McCloud must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. 28 U.S.C. § 2253(c)(2); *Lambrix v. Sec'y, Fla. Dep't of Corrs.*, 851 F.3d 1158, 1169 (11th Cir. 2017). Because McCloud fails to show that reasonable jurists would debate either the merits of the procedural issues or the merits of the claims, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. McCloud must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on March 27, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE